**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**BILLINGS DIVISION**

| | |
|---|---|
| CARLOS SALAZAR LOPEZ,<br><br>     Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>     Respondent. | **Case No. CR-97-37-BLG-JDS**<br>**CV-10-105-BLG-JDS**<br><br>**ORDER** |

Presently before the Court is Petitioner's *Pro Se* motion seeking Habeas Corpus Relief pursuant to 28 U.S.C. § 2255. Petitioner was convicted of drug and firearms crimes pursuant to 21 U.S.C. §§ 841 & 846. He was also convicted on a firearm count pursuant to 18 U.S.C. § 9249(c)

Petitioner was originally sentenced to 292 months on the drug counts, with a consecutive 60 months for the firearms count, for a total of 352 months incarceration to be followed by 60 months of supervised release. Petitioner prevailed at the Ninth

1

Circuit on Petitioner's prior § 2255 Petition. As a result, this Court re-sentenced the Petitioner to 210 months on the drug counts and 60 months on the firearm count to run consecutive. for a total of 270 months custody. Petitioner appealed this Court's Judgment to the Ninth Circuit Court of Appeals. The Ninth Circuit affirmed this Court's ruling. Petitioner then sought a writ of certiorari with the U.S. Supreme Court which was denied on December 14, 2009. Petitioner's present § 2255 Petition is timely filed.

1.  ***Application to Proceed In Forma Pauperis***

Although Petitioner has not submitted an Application to Proceed In Forma Paupers, given the time he has already serving time in prison, this Court shall assume the Petitioner is indigent. As such, this Court shall allow the Petitioner's Application to proceed *In Forma Pauperis*.

2.  **Habeas Petition**

Petitioner's § 2255 Petition alleges ineffective assistance of counsel. Specifically, Petitioner contends that at re-sentencing, his attorney Michael Donohoe was ineffective because (1) he failed to argue the extent of Petitioner's rehabilitative efforts while incarcerated and (2) failed to argue the validity of Petitioner's 60- month consecutive firearm sentence in light of *United States v. Williams*, 558 F.3d 166 (2nd Cir. 2009); (3) failed to warn him of the collateral consequences of his conviction; (4)

failed to re-litigate the drug quantities; and (5) failed to object to the forensic report.

To establish ineffective assistance of counsel, Petitioner must demonstrate that under the totality of the circumstances, his trial counsel performed deficiently and that counsel's performance resulted in prejudice. *Strickland v. Washington,* 466 U.S. 668 (1984). As the Supreme Court has explained:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.
> Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Id. at 687. As to the "performance" inquiry, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Id. at 688. Under Strickland, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* at 691.

To prevail on his claims, Petitioner must establish that: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that but for the deficiency, the outcome of the proceedings would have been different. *Towery v. Schriro*, 622 F.3d 1237,1238 (9th Cir. 2010).

"The objective standard of reasonableness is a highly deferential one and includes a strong presumption that counsel's conduct fall within a wide range of reasonable professional assistance." *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th

3

Cir.2003). In *Strickland*, the Supreme Court defined a "reasonable probability" to mean a "probability sufficient to undermine confidence in the outcome." 466 U.S. at 694. Unless Petitioner makes both showings, his claims fail. *Id.* at 687.

    A.    <u>Attorney failed to pursue Except Clause under 18 U.S.C. § 924</u>

Petitioner's first ground regarding his ineffective assistance claim is that his Attorney Michael Donohoe failed to argue the except clause contained in 21 U.S.C. §924(c)(1)(A). Specifically, Petitioner cites to the Second Circuit ruling *United States v. Williams*, 558 F.3d 166 (2d Cir.2009), regarding the application of an additional concurrent sentence under 18 U.S.C. § 924(c)(1) when there is already a minimum sentence for an underlying offense. Based on *Williams*, Petitioner contends that his 60 month consecutive firearm sentence is unconstitutional. In *Williams*, that Court held that a concurrent mandatory minimum sentence associated with a violation of § 924(c)(1) does not apply when there is a violation of another statute during the same course of conduct that carries a higher mandatory minimum sentence. *Id.* at 169-76. The Second Circuit found that the "except" clause of § 924(c)(1), which states "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law," applies to any other criminal statute, not just § 924. *Id.* at 169-70.

Essentially, Petitioner contends that given that his substantive drug counts

4

contained a mandatory minimum of ten years imprisonment, the except clause of § 924(c) precluded the 60 month consecutive term of imprisonment on his firearm count. Because Attorney Donahoe failed to argue this at sentencing or on appeal, Petitioner contends that he was ineffective.

However, the Court notes that at the time of Petitioner's re-sentencing, appeal and subsequently filing of his present § 2255 motion, the Ninth Circuit had not yet ruled on the issue discussed in *Williams*. More importantly, since the Petitioner's filing of his § 2255, the U.S. Supreme Court has ruled on the except clause in *Abbot v. United States,* 131 S.Ct. 18 (November 15, 2010). Ultimately, the *Abbot* Court concluded that here was "strong contextual support for our view that Congress intended the "except" clause to serve simply as a clarification of § 924(c), not as a major restraint on the statute's operation." *Id.*, 131 S.Ct. at 30. In *Abbott*, the Court unanimously held that defendants subject to a mandatory, consecutive sentence for a § 924(c) conviction, are "not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." *Id.*, 131 S.Ct. at 23. As such, Petitioner's argument that his consecutive sentence violates 18 U.S.C. § 924(c) is without merit and Petitioner's original sentence remains in effect. Further, Petitioner has failed to meet the second prong of *Strickland* in that he was prejudiced by Attorney Donahoe's failure to raise this argument either at the district court level

or on appeal. Petitioner's § 2255 Motion for relief on this ground is DENIED.

### B. NO ATTORNEY INFORMED SALAZAR OF THE COLLATERAL CONSEQUENCES OF HIS CONVICTION

Next, Petitioner contends his trial attorney Palmer Hoovestal violated ethical rules of conduct for attorneys by failing to advise him of the collateral consequences of his conviction. In support, Petitioner cites to *Padilla v. Kentucky,* 130 S.Ct. 1473 (2010). However, in the body of Petitioner's present § 2255 motion, other than citing to the ethical duties of a criminal attorney regarding informing a client of collateral consequences, Petitioner fails to present any acts of collateral consequence that give rise to Attorney Hoovestal ineffective assistance. More importantly, Petitioner has failed to allege how those acts prejudiced him. Other than bald conclusory allegations, Petitioner presents no support for this claim. As such, Petitioner's Motion for § 2255 relief on this ground is DENIED.

### C. *ABBOT v. UNITED STATES SHOULD BE APPLIED RETROACTIVELY*

In anticipation of *Abbot v. United States* being ruled in his favor, Petitioner prospectively argues that it should be applied retroactively to his case. However, as reflected above, the *Abbot* Court ruled against the Petitioner. Therefore, Petitioner's § 2255 Motion for relief on this ground is DENIED as MOOT.

D.  *ATTORNEY DONAHOE FAILED TO ARGUE FOR DOWNWARD VARIANCE*

Next Petitioner argues that Attorney Donahoe was ineffective because he failed to argue for a downward variance based on Petitioner's post-sentence rehabilitative efforts. This allegation is contrary to the record in this case. At the time of the Petitioner's re-sentencing, his Attorney Donahoe submitted a sentencing memorandum as well as numerous exhibits reflecting the letters from friends and family as well as Petitioner's post-sentence rehabilitative efforts.[1] Moreover, Attorney Donahoe's sentencing memorandum makes lengthy discussion of Petitioner's post-sentence rehabilitative efforts which included, but is not limited to, educational and vocation programs, teaching, and favorable work evaluations. Attorney Donahoe also directed the Court to portions of the PSR that highlighted his post-sentence rehabilitative efforts.

In *United States v. Argento*, 52 Fed.Appx. 41, 42 (9th Cir. 2002), the Ninth Circuit Court of Appeals vacated and remanded Argento's re-sentencing because his attorney failed to request a downward departure based on his post-sentence rehabilitation.

This is not the case here. The unrefuted records clearly reflects that Attorney

---

[1] *Docs. ## 747, 750, 751.*

Donahoe did in fact argue for a downward departure based on Petitioner's post-sentence rehabilitation.

More importantly, U.S.S.G. § 5K2.19 reads, "[p]ost-sentencing rehabilitative efforts, even if exceptional, undertaken by a defendant after imposition of a term of imprisonment for the instant offense are not an appropriate basis for a downward departure when resentencing the defendant for that offense." By its express terms, post-sentence rehabilitative efforts cannot form the basis for a downward departure during resentencing. U.S.S.G. § 5K2.19; *United States v. Thompson*, 315 F.3d 1071, 1078 n. 1 (9th Cir.2002).[2] For the foregoing reasons, Petitioner's § 2255 Motion on this ground is DENIED.

> E. *ATTORNEY DONAHOE FAILED TO RE-LITIGATE DRUG QUANTITIES WHICH ENHANCED PETITIONER'S SENTENCE ABOVE THE MANDATORY MINIMUM*

Relying on the *United States v. O'Brien*, 130 S.Ct. 2169 (2010) and *Harris v. United States*, 536 U.S. 545 (2000), Petitioner argues that Attorney Donahoe was ineffective because he allegedly failed to argue that drug quantities that trigger a greater mandatory minimum must be charged in the Indictment because they are

---

[2]Although *U.S. v. Ortland*, 109 F.3d 539, 546 (9th Cir. 1997) precludes a Court from relying on a later enacted guideline that imposes a greater punishment then in effect at the time of the offense, this does not extend to what factors the Court may consider for purposes of a downward departure.

8

characteristics of the substantive offense and as such, not within the province of the court.

In *Harris*, the U.S. Supreme Court held that a fact deemed to be an element of the offense must be pleaded in the indictment and proved to a jury beyond a reasonable doubt. *Harris*, 536 U.S. at 549-50. In *O'Brien*, the Supreme Court held that whereas "[e]lements of a crime must be charged in an indictment and proved to a jury beyond a reasonable doubt ... [s]entencing factors, on the other hand, can be proved to a judge at sentencing by a preponderance of the evidence." *O'Brien*, 130 S.Ct. at 2174. Because the *O'Brien* court found that a factor under 18 U.S.C. § 924 ( c) raised the minimum mandatory penalty range from one range to a higher range, that factor was an element of the crime and had to be presented to the jury. *Id.*

In the instant case, Petitioner's conviction required a mandatory minimum sentence of 120 months. First, this Court notes that the Ninth Circuit Court of Appeals already determined the government's proof of a large drug quantity "was overwhelming and essentially uncontroverted." *United States v. Pimentel-Tafolla*, 60 Fed.Appx. 656, 670 (9th Cir. 2003).

After review of both *O'Brien* and *Harris*, this Court concludes that neither case applies to our present case. Petitioner was convicted under 21 U.S.C. § 841(a)(1) which had a penalty range of 10 years to life. This penalty range was noted within

the Indictment. Moreover, at trial, a jury, in finding Petitioner guilty beyond a reasonable doubt of distribution also found the minimum drug amounts necessary to be convict him under § 841(a)(1). As to his conviction on the conspiracy count under 21 U.S.C. § 846, the maximum sentence allowed on that count is 240 months. At the re-sentencing, this Court sentenced the Petitioner to 210 months. As such, there is no error. Lastly, Petitioner has failed to show how his sentence of 210 months raised his minimum penalty range. Although he cites to *United States v. O'Brien*, Petitioner fails to direct the Court to what the next lower penalty range should have been. In fact, a 210 month sentence falls squarely with prescribed penalty range for a conviction under 841(a)(1) and 846. Petitioner's § 2255 Motion on this ground is DENIED.

### F. *FAILING TO OBJECT TO STIPULATED REPORTS*

Petitioner alleges that Attorney Donahoe was ineffective because he failed to raise the issue that, during Petitioner's trial, his trial attorney Palmer Hoovestal erred because he failed to object to a stipulated forensic report. Petitioner fails to allege how having required the forensic chemist to testify would have altered the outcome of his trial. Although Petitioner contends that, if the forensic chemist was called, Petitioner would have been given the opportunity to ask the chemist if "the report would have established that Salazar knew the tested substance was

methampetamine." This line of reasoning is without merit.

The forensic chemist and the forensic report's sole purpose was to test the evidence and confirm its chemical identity. Petitioner presents no evidence that the chemist knew anything about the case beyond the methamphetamine and as such would have had foundation to answer, or much less, be asked Petitioner's proposed question. Again, as noted by the Ninth Circuit, there was ample evidence to support the conviction.

Regardless, "professionally unreasonable errors on the part of counsel do not warrant setting aside a conviction if the error had no effect on the judgment." *Larsen v. Maggio*, 736 F.2d 215, 217 (5th Cir.1984). Petitioner must demonstrate that an error actually had an adverse effect on the defense; that the trial attorney's conduct affected the proceedings' reliability. *Id.* at 218. Additionally, if the defendant makes an insufficient showing on either the "deficient" or the "prejudice" prong of *Strickland*, the claim lacks merit. *Strickland*, 466 U.S. at 697. Furthermore, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 670.

In the instant case, this Court concludes that Petitioner's trial attorney Palmer Hoovestal and Petitioner's appellate attorney Michael Donahoe were not deficient in

objecting or arguing the issue of the forensic report. Moreover, Petitioner has failed to sufficiently allege any error from the admission of the forensic report. Petitioner's § 2255 Motion for relief on this ground is DENIED.

This Court finds that Petitioner has failed to establish that his attorneys provided him with ineffective assistance of counsel. Therefore, this Court concludes that all of Petitioner's claims are without merit. For the foregoing reasons, Petitioner's Habeas Petition pursuant to 28 U.S.C § 2255 is DISMISSED.

3.   *Certificate of Appealability*

Under 28 U.S.C. § 2253(c), a petitioner must make a "substantial showing of the denial of a constitutional right" in order to obtain a certificate of appealability when the district court has denied a habeas claim on the merits. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir.1999). To satisfy this standard, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

Petitioner Salazar-Lopez has not made the required showing for a certificate of appealability. Petitioner has not made any showing of a denial of a constitutional right under the United States Constitution. Petitioner's arguments that counsel provided ineffective assistance are unsupported by the record and the applicable law.

Reasonable jurists would not debate the Court's conclusion that Petitioner has failed to state a valid claim of the denial of a constitutional right.

For the foregoing reasons, IT IS HEREBY ORDERED that

1. Petitioner shall be allowed to Proceed in Forma Pauperis

2. Petitioner's Motion under 28 U.S.C. § 2255 [Doc. No. 783] is **DISMISSED**.

3. Petitioner's Certificate of Appealibility is **DENIED**.

The Clerk of Court shall notify the Parties of the making of this Order.

DATED this 22nd  day of December, 2010.

                                           /s/Jack D. Shanstrom
                                    HON. JACK D. SHANSTROM
                                    SENIOR U.S. DISTRICT JUDGE